Good morning. Karl Blanke on behalf of the appellant, Christopher Deedy. May it please the court, I would request to reserve two minutes for rebuttal. That's fine. Go ahead and keep track of your own time, please. Thank you. As a preliminary matter, I will not be proceeding on our argument with regard to the trial court's treatment of the pretrial prejudice relevant to the Rule 21 transfer of venue argument. Jury selection has commenced and completed in this matter, and both parties have waived any further objection to the composition of the jury. So I will only be proceeding on our argument that the trial court abused its discretion in its determination of good cause for removal pursuant to 1446. Well, before you do that, let me ask you a question. Given that the jury has been seated in this matter, why isn't the case moved? First and foremost, the jury has not been sworn, so no jeopardy has attached in this case. Second of all, the statute, 28 U.S.C. 1446, actually anticipates that there could be simultaneous proceedings in both the state court and the federal court while such matters as removal are being resolved. In particular, if we read 1446 C.3, it says, The filing of a notice of removal of a criminal prosecution shall not prevent the state court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded. If we then go to Section C.5 of Section 1446, it states, If the United States District Court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly, and after such hearing shall make such disposition as justice shall require. If the United States District Court determines that removal shall be permitted, it shall so notify the state court in which prosecution is pending, which shall proceed no further. So, 1446, by its own terms, expressly anticipates that you could have simultaneous proceedings both in the state court and the federal court, and all that needs to happen is that a final decision on removal be made prior to any judgment being entered in the state court criminal proceedings. So, I just want to make sure I understand how this works. So, the jury's been selected, but there will be this warning when trial is set to commence on July 1. That is correct. And even as a further point, the state court judge specifically required that the appellant, Christopher Deedy, waive his speedy trial rights once jury selection was complete, anticipating the very fact that, you know, trial has not commenced in this matter. What do you see as the narrow issue before us? How would you define it? The narrow issue here is whether removal for federal officers should be strictly construed, as is done in diversity jurisdiction cases, or whether it should be more liberally construed, as the Supreme Court cases would indicate, according to the federal officer cases that the Supreme Court has decided over the past century. Well, counsel, what I don't understand about your argument, what do you do with the case of United States v. Gunn that says it's imperative and mandatory the procedure requirement must be strictly complied with and is to be narrowly construed? And I apologize, I'm not familiar with Gunn. Is that a Supreme Court decision? 511 Fed 2nd, 1024, 9th Circuit, 1975. Okay. I would say that the Supreme Court's decision, decisions in Colorado v. Symes and Willingham v. Morgan would take precedent over that. In particular, the language from Colorado v. Symes, in which the Supreme Court indicated, it scarcely need be said that these statutes, referring to removal statutes for federal officers, are to be liberally construed to give full effect to the purposes for which they were enacted. That case was decided in 1932. Later then, in 1969, the Supreme Court, again addressing removal issues specifically for federal officers, not removal in a diversity jurisdiction case or any other matter, indicated that removal for federal officers should not be frustrated by a narrow, grudging interpretation of Section 1442. Yes. But that dealt with a substantive provision. That did not deal with a procedural provision, which, as the case I've cited, is in the briefs, is imperative and mandatory. The procedural requirement must be strictly and narrowly construed, as opposed to liberally construed in the diversity cases to which you're referring. Well, again, the cases that I'm citing are not diversity cases. Those are both federal officer removal cases. So they clearly show that the Supreme Court believes that a liberal construction of the removal statutes is appropriate in the federal officer removal statute situation, as compared with the diversity jurisdiction cases, where clearly the Supreme Court's jurisprudence is that a strict standard of construction is appropriate in those diversity cases. But these cases indicate that in the federal officer situation under 1442, at that point, then a different standard, a more liberal standard, is appropriate. Additionally, we have Congress's recent amendment of Section 1442, which shows that Congress's intent is also for that federal officers have every opportunity to take advantage of the federal officer removal statutes. 1442. Counsel, in this particular case, there was a seven-month delay in moving to take the case to federal court, seven months after arraignment, if I've got that right. That's correct. And the lower court in this matter found that there was no good cause because the negative publicity had either already occurred or reasonably could have been anticipated. So why was there a good cause for removal in this case? The good cause is because some of the most critical publicity with regard to the racial issues underlying the case, that the federal versus state issues in the case, did not arise until six months afterward. There was initial publicity, as we would anticipate in any high-profile murder case. And that's to be anticipated. But presumably, the appellant's position assumed that that would fade away. But when six months later, there was still some of the most controversial media and even an op-ed piece published by the state prosecutor's office addressing these issues, putting it back before the public's attention, and again, the specific case that we cited talking about the societal issues within Hawaii, both the racial issues and animosity toward the federal government, specifically addressed whether or not a federal officer could even get a fair trial in Hawaii. And with that level of publicity happening at roughly the six-month mark post-arraignment, the appellant then at that point decided, you know, things have not subsided. At this point, you know, it was appropriate to move forward, and that's the basis for good cause in addition to the other factors that were briefed at the district court level. Are you saying the racial issue was not raised by indicating the race of the victim and of the police officer was not before that time? It became much more prominent at the six-month mark. It was certainly referred to. Yes, it was, but it sort of died out. And then it came back up with quite some intensity at the six-month mark. And I see that I'm nearing the end of my time. I would request to reserve two minutes. Judge Ferris had a question. No, I'll waive. Go ahead. Okay. Thank you very much. Good morning. Don Futo representing the state. I would like to begin by asking the court to please raise the matter of the preliminary matter. Initially, and as a preliminary matter to follow up with the judge. Council, would you please speak up and enter the microphone? Excuse me, Your Honor. You are both saying the same thing. I was about to say if you want us to understand you, you're going to have to speak through the use of the mic. And I do want you to understand me. And as a preliminary matter, I agree with the court that this matter should be rendered moot because of the selection of a fair and impartial jury by the parties in this case. Moreover, and equally important, I believe the second reason that this matter should be rendered moot is the fact that Mr. Didi has waived his right to remove the case to Federal court. I say that. In his pleadings before the magistrate judge, he noted that the mere filing of his motion to dismiss the indictment based upon a defective grand jury proceeding was insufficient under Ninth Circuit precedent to constitute a waiver of the right. However, what Mr. Didi overlooks, it's not the mere filing of that motion. It's the fact that he litigated that motion to its conclusion on its merits in state court. Timing. He filed his motion to dismiss in May of 2012, well before he filed the notice for removal. The litigation occurred in October of 2012. The court rendered a decision in November of 2012. It was on the merits, and it was memorialized in a six-page written order. Now, at this point, and as such, pursuant to the Ninth Circuit precedent in Allen v. City of Los Angeles, that's at 92 Feb 3rd, 842, and Rule 201 of the Federal Rules of Criminal Procedure, I request respectfully that this court take mandatory judicial notice of the November 2012 order. As required, I have a certified copy of that order that I will present to the court that demonstrates the reasonably indisputable accuracy of the representation I made with respect to Mr. Didi's litigation in state court that renders this matter that renders his right to removal waived, and as such, this appeal is moot. I have a copy for the court here, if I could submit to a suspected clerk. Why don't you do that after the hearing? Thank you. And I also have a courtesy copy for counsel in the unlikely event that that order is not in his files. Following up now on counsel's contention with respect to Colorado v. Sims and Willingham v. Morgan, I would like to point out, first of all, that it overlooks a fundamental difference between those cases and the cases we have at hand. This case implicates an important state sovereign interest to prosecute individuals that are accused of violating its penal statutes in its state court, and that was at the heart of the decision in the Ninth Circuit of Walter v. Gunn. As the justice aptly pointed out, it said, with respecting of the time of removal, it's imperative and mandatory and must be strictly complied with. The court also noted significantly the right of removal being in derogation of state sovereignty must not be enlarged beyond what is definite and free from ambiguity. Personally, what I find particularly significant in that case is it dealt with the prior version of this very statute where the language provided the petition to be filed any time before trial. The Ninth Circuit had recognized that that language had resulted in the abuse of writ and unnecessary delays and a disruption of the state court proceedings. So what it did is interpret it before trial as meaning before the commencement of jury selection, which is consistent with the United States precedent. Very significantly, that problem and abuse of the writ did not escape the attention of the United States Congress. And in 1977, it had before it the question, should we modify the statute to prevent and minimize these unnecessary delays and disruptions? The court answered the question in the affirmative and amended it by deleting the language before trial and adding the language relevant in this case 30 days after arraignment, before trial, whichever is earlier. It also deleted the previous language in the version that said, upon the filing, the mere filing, the state court is divested of jurisdiction and substituted language that made clear that upon filing, the state court retains jurisdiction. Equally significant for this hearing, the intent behind the modification, Senate set forth in Senate Report Number 95-354 dated July 20th, 1977, in which it said the modification was made to balance the interests of the states in preventing disruptions of its criminal proceedings while protecting a defendant's right to remove in appropriate situations. Again, and I know I'm speaking fast, but at this juncture, pursuant to the Ninth Circuit precedent in Anderson v. Holder, that set forth at 673, Fed Third, 1089, and Rule 201 of the Federal Rules of Evidence, I request respectfully that this honorable court take mandatory judicial notice of Senate Report 95-354 dated July 20th, 1977. As required. Well, there is a 30-day window, but there's also a good cause requirement that's built into the statute. So then the question is whether there's good cause in this case. Now, counsel has argued that good cause exists because the publicity has increased six months after arraignment, and it's different in kind and nature from the publicity that had gone on before. And so for that reason, he couldn't have reasonably anticipated it. How do you respond to that? I believe that the record, the evidence in the record shows that contention to be specious, because when he filed his pleadings before the magistrate judge with respect to the character and nature of publicity upon which he was relying to show good cause, he said, and it's at the excerpts of the records on page 59 through 60, that it was too early to know if it was of that nature. Moreover, the sixth exhibit upon which he replies – excuse me, upon which he relies in this appeal, which were also before the Ninth Circuit, by any measure against the Ninth Circuit precedent for presumed prejudice set forth in Hayes v. Ayers, it falls woefully short to support a presumption of presumed prejudice, more so prospective, because at the time he filed it in the magistrate, before the magistrate, he wasn't even saying it had reached that nature. Hayes made clear that the case that will support a conclusion of presumed prejudice from media publicity is going to be the rare case and the exceptional case. It also made clear that the type of information that the media was disseminating had to be of the smoking gun variety, something that the average person would be difficult to set aside, and it invites a prejudgment of culpability. So in Hayes, the defendant supplied the following in support for his notion of presumed prejudice that the court found insignificant. Sixty-seven articles, 37 from the Santa Cruz Sentinel, 30 from the San Jose Mercury News, information contained within those articles that indicated that on two previous occasions he had been acquitted of murder. In one, it was by reason of insanity after which he was committed and escaped. Also information that an accomplice and a precipient witness had described how he had shot his two victims, cut off their heads, and cut off their arms. There was also information that one of those precipient witnesses had passed the polygraph. The information, a lot of which is contained in the six exhibits to which he relies, seems to be more in the nature of a recounting of the hyperbolic prattle between two self-interested attorneys attempting to further an agenda through the media. Significantly, in Hayes, the court also discussed a Supreme Court case in which presumed prejudice wasn't found, in Yon v. Patton, where the defendant submitted the following in support of his contention with presumed prejudice. The fact that in the very case where he is accused of murdering an 18-year-old female high school student, he had been convicted of the crime, his defense was temporary insanity, and he had confessed to the crime. Retrial, the media disseminated all such information, and the United States Supreme Court, as acknowledged by Hayes v. Ayer, said no, that's not the type of rare and extreme situation. So by any measure, and by the omissions of what he said before the magistrate judge, to say that the magistrate judge erred in finding, with respect to prejudice, at this juncture, what you submitted, entirely speculative. And according to the Ninth Circuit standard, it also supports the judge's ultimate ruling that Mr. Didi had not provided any specifics of the type of pretrial publicity and hostility that is necessary to establish good cause to permit him to file the untimely appeal. And I submit that what's going on in this case is similar to the Ninth Circuit's observation in Moore v. Permanente Medical Group at 981 Federal 2nd 443, which is the experimentation with defenses in state court while attempting to hold the ace in the back pocket and seek removal upon an adverse ruling. This court, in Moore's head, that will not be condoned, and it's clearly against the spirit of the particular statute, Title 28 U.S.C. 1446, the intent of the Congress, holdings of this court, and holdings of the Supreme Court of the United States. Again, as a housekeeping matter, in 11 seconds I would remind the court that I have made two motions for mandatory judicial notice to be taken of two different documents, both of which I have the proper authorization for the court and courtesy copies for the defense counsel. Thank you very much for this opportunity. Thank you very much, counsel. And, by the way, just for your education, we're referred to as judges, not justices. So in the federal system, that term justice is reserved for Supreme Court justices only. All right. Thank you very much, counsel. Excuse me. And the documents, I should say. Why don't you wait until after the hearing, and the court will take it from you. In response, I would like to indicate a few points. The abuse of discretion standard that the Ninth Circuit makes clear in U.S. v. Hinkson indicates that we don't even get to a factual analysis of the district court's decision if the district court applied the wrong legal standard. The application of the wrong legal standard in and of itself constitutes abuse of discretion, and that right there is sufficient to overturn the district court's ruling based purely off the abuse of discretion. If the wrong legal standard is applied, we go no further. We don't even look at the factual analysis. Addressing counsel's argument as to the state's concerns with regard to its sovereignty, the Supreme Court specifically addressed this matter in Tennessee v. Davis. This is back in 1880. The Supreme Court said, before the adoption of the Constitution, each state had complete and exclusive authority to administer by its courts all the law, civil and criminal, which existed within its borders. Its judicial power extended over every legal question that could arise. But when the Constitution was adopted, a portion of that judicial power became vested in the new government created, and so far as thus vested, it was withdrawn from the sovereignty of the state. The court then continues, the removal of cases arising under those laws from state into federal courts is therefore no invasion of state domain. And, again, Tennessee v. Davis, again, was a case in which we were looking at federal officer issues directly analogous to Special Agent Dede's case. Well, I think factually Tennessee v. Davis is a little bit different there. It was a tax collector engaged in his responsibility of seizing the illegal distillery, if I'm recalling the right case. That's correct. And was then a shooting occurred. What's the color of federal defense for your case? Here, there are a number. One I'll just highlight quickly for the court is that What's the best argument on that? Federal Agent Dede identified him as a federal officer before anything happened. He was then assaulted. That's assault on a federal officer. Therefore, he had a response to enforce federal law at that point. In closing, I see that I'm out of time. We would ask the court for a speedy decision out of the court's normal process because the trial is currently slated for July 8th opening statements in this matter, and we would request that expedited decision, if at all possible. All right. So July 8th, you said? I thought July 1 was the date. July 1. The state court just changed the date to July 8th. It had been set at July 1. It was just changed to July 8th. There would be motions and limine will be argued on July 2nd, but the opening statements the state court just decided would be beginning on July 8th. All right. Thank you very much, counsel, for your arguments. Thank you. We have a motion on both sides today, the case of State of Hawaii v. Christopher Dede. We submit it for decision.
judges: Farris, Nelson, Nguyen